5 May 2000

No. 2--98--1579

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re APPLICATION OF JACK ) Appeal from the Circuit Court

ANDERSON AS COUNTY TREASURER, ) of Lake County.

For Judgment Fixing The Correct    )

Amount of Any Tax Paid Under       ) No. 91--TX--5, Obj. #34

Protest For The Years 1990 Through )     92--TX--6, Obj. #15

1996      )     93--TX--3, Obj. #18

                                   )     94--TX--2, Obj. #12

         )     95--TX--2, Obj. #11

(P. James Perille, Third-Party ) 96--TX--1, Obj. #13    

Plaintiff-Appellant, v. The )     97--TX--3, Obj. #7

Department of Revenue; David ) 

D. Orr, the County Clerk of Cook )

County; Willard Rooks Helander, )

the County Clerk of Lake County; )

and Jack Anderson, the County )

Treasurer of Lake County, ) 

Third-Party Defendants-Appellees )

(Community Unit School District ) 

220, Intervenor-Appellee; P. James ) Honorable

Perille, 
et al.
, Objectors- ) Emilio B. Santi,

Appellants)). ) Judge, Presiding.    

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court: 

P. James Perille and other tax objectors appeal the judgment of the trial court dismissing with prejudice their tax objections. As a third-party plaintiff, Perille also appeals the dismissal with prejudice of the second amendment to the third-party complaint seeking 
mandamus
, for failure to state a cause of action.  We reverse and remand. 

This case consolidates tax objections from the years 1990 through 1996 and one action in 
mandamus
 against the Department of Revenue (DOR).  Each of the tax objections alleged that the objectors owned real estate in Lake County and that the property was located within the boundaries of Barrington Community Unit School District 220 (District 220), which includes property in Cook, Kane, Lake, and McHenry Counties.  The objectors alleged that the DOR, in each of the tax years in question, incorrectly certified an erroneously high percentage of District 220's tax burden to taxpayers in Lake County.  The objections sought refunds of the incorrect portions of the taxes paid in each of those years.

The objectors filed a petition for writ of 
mandamus
 in December 1995, which was amended in May 1996 and January 1998.  The second amended petition was directed against the DOR, Cook County Clerk David Orr, and Lake County Clerk Willard Helander.  Orr's motion to dismiss was granted in May 1997, and that order of dismissal is not part of this appeal.  The DOR, Helander, and District 220, as an intervenor, also filed motions to dismiss, and, after a hearing on June 25, 1998, the court entered an order continuing the cause to July 9 for the entry of an order dismissing "said causes of action."

James Perille requested leave to file a third amended third-

party petition on July 7.  However, the court dismissed the tax objections and the second amended 
mandamus
 petition with prejudice on July 9.  Perille filed a motion for rehearing of the court's dismissal of the second amended 
mandamus
 petition and a motion to file a third amended 
mandamus
 petition.  Both motions were denied.  This appeal followed.

The motions to dismiss in this case are a mixed lot.  District 220 brought its motion to dismiss the tax objections pursuant to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615 (West 1998)).  Defendants Lake County Treasurer Jack Anderson and Lake County Clerk Helander joined in this motion.  Anderson and Helander also renewed Anderson's prior motion to dismiss, which was brought pursuant to sections 2--615 and 2--619 (735 ILCS 5/2--619 (West 1998)) and prayed for the dismissal of the tax objections and the 
mandamus
 petition.  These sections entail different theories for dismissal.  

SECTION 2--615 MOTIONS

The granting of a section 2--615 motion is within the sound discretion of the trial court.  
Ray v. Coyne
, 259 Ill. App. 3d 269, 274 (1994).  However, such a motion should be granted only when it clearly appears that no set of facts could ever be proved that would entitle the plaintiff to recover.  
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 115 (1995).  In ruling on a section 2--615 motion, only those facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record may be considered.  
Mt. Zion
, 169 Ill. 2d at 115.  On review of an order granting such a motion, all well-pleaded facts and all reasonable inferences from them are taken as true. 
Mt. Zion
, 169 Ill. 2d at 115.  

SECTION 2--619 MOTIONS

A section 2-619 motion affords a means of obtaining summary disposition of issues of law or easily proved issues of fact.  
American National Bank & Trust Co. v. Village of Libertyville
, 269 Ill. App. 3d 400, 403 (1995).  For purposes of such a motion, all well-pleaded facts of the complaint are admitted and taken as true; only the legal sufficiency of the complaint is at issue.  
American National Bank
, 269 Ill. App. 3d at 403.  

STANDARD OF REVIEW

The review of the granting of either a section 2--615 or a section 2--619 motion is 
de novo
.  
Becker v. Zellner
, 292 Ill. App. 3d 116, 122 (1997).  In the case before us, the court concluded that both the objections and the petition for 
mandamus
 "fail[ed] to state a cause of action for which relief can be granted."  Our analysis, therefore, will determine if the tax objection stated a cause of action without deference to any findings made by the trial court.

TAX OBJECTION ANALYSIS

A tax objection complaint "shall name the county collector as defendant and shall specify any objections that the plaintiff may have to the taxes in question."  35 ILCS 200/23--15(a) (West 1998).  The Property Tax Code (35 ILCS 200/1--1 
et seq.
 (West 1998)) (the Code) is not more specific in identifying what must be alleged in order to state a cause of action in a tax objection petition.  Taking the 1996 tax objection complaint as representative of all the objections, we see that the objectors allege that they owned property within the boundaries of District 220, which includes properties in Lake, Cook, McHenry, and Kane Counties.  Citing section 18--155 of the Code (35 ILCS 200/18--155 (West 1998)), the objectors allege that, where taxing bodies lie in more than one county, the DOR must apportion the amount of taxes to be raised so that each county in which the district lies bears the burden of taxation as though all parts of the overlapping district had been assessed at the same proportion of actual value and shall certify to each county clerk the percentage of the burden that the clerk is to extend upon the equalized valuation of district property lying in the clerk's county.  In layman's terms, the taxpayers in each county should pay their fair share of taxes based upon a fair apportionment of their respective properties regardless of differences in levels of assessment in adjoining counties.  See 35 ILCS 200/18--155 (West 1998).  The DOR certified to the clerk of Lake County that 46.70% of the total extension for District 220 for the tax year 1996 was to be extended against Lake County property, producing a tax rate of 3.258% and an extension of $23,933,255.47.  The petition then alleges that only 40.00% of the extension should have been certified to the Lake County clerk, producing a tax rate of 2.8% and an extension of $20,600,000.  The objectors contend that the excess extension and tax rate were incorrect, illegal, and void.

We conclude that this petition adequately sets forth facts under which the tax objectors could recover.  Taking the facts alleged as true, Lake County bore too great a share of District 220's tax burden, and property owners within the Lake County portion of District 220 would be due tax refunds. District 220 argues that the objectors' dispute is with the DOR, not District 220 or any Lake County official, and, therefore, the objection states no cause of action against them.  We disagree.  A tax objection complaint shall name the county collector as defendant.  See 35 ILCS 200/23--15(a) (West 1998).  Furthermore, a tax objection attacks the process of the imposition of the property tax and the parties involved in it.  District 220 is the final actor in the process, as it received the taxes paid by the objectors.  To argue that District 220 has no part in the tax objection process is to argue that the district can keep the illegal excess taxes even if the objectors are victorious. The district argues, without citation to authority, that the taxpayers in Cook County should be back taxed in subsequent years should it be determined that they did not pay the appropriate amounts in the years subject to the objections.  This borders on the frivolous, as District 220 has neither cited precedent nor shown a good-faith attempt at altering the present and past law that illegal taxes, paid under protest, are to be returned to the objector who prevails.  District 220 and the Lake County officials are proper parties under the objection petition.

District 220 also argues that the failure of the objectors to designate any specific Cook County property as a point of comparison renders the petition insufficient.  Again, District 220 misreads the basis of the objection.  The objectors do not allege that their individual properties are overtaxed 
vis-a-vis
 similar properties elsewhere.  The petition alleges that too much of the tax burden has been shifted to the Lake County portion of District 220 
vis-a-vis
 the portions of the district lying in Cook County.  It is by this allegedly incorrect certification of Lake County's portion of the tax extension that the objectors paid excess taxes, not by an underassessment of individual properties elsewhere.  District 220's argument on this point is a red herring.

District 220 also argues that the tax objections merely allege that the DOR is not apportioning the tax burden correctly between Lake and Cook Counties without stating specifically what the DOR did incorrectly.  Looking at the 1996 petition, we see that the objectors allege with specificity the certified apportionment of the extension, the actual extension, the actual tax rate, the alleged proper apportionment, the alleged proper extension, and the alleged proper tax rate.  This is sufficient to place the parties on notice as to what the objection is.  District 220 argues that the petition does not allege why the figures are incorrect.  The "why" does not have to be included in the petition.  The "why" is the proof of the objection.  The petition is not insufficient for failing to allege why the DOR was incorrect in its apportionment.

The meritless arguments against the tax objections imply a lack of a defense rather than a failure to state a cause of action.   The tax objection petitions allege facts under which relief could be granted, if properly established.  Therefore, the trial court erred in dismissing the tax objection petitions.

Because we determine that the tax objections state a cause of action, we need not address the objectors' arguments regarding the amendment of the objection petitions. 

MANDAMUS

The objectors next contend that the court erred in dismissing the 
mandamus
 petition.  
Mandamus
 is an extraordinary remedy used to enforce, as a matter of right, a public officer's performance of his public duties where no exercise of discretion on his part is involved.  
Noyola v. Board of Education of the City of Chicago
, 179 Ill. 2d 121, 133 (1997).  A complaint seeking the remedy of 
mandamus
 must allege facts that establish a clear right to the relief requested, a clear duty of the respondent to act, and clear authority in the respondent to comply with the writ.  
Noyola
, 179 Ill. 2d at 133.  As the second amended petition for 
mandamus
 in this case was dismissed pursuant to section 2--615, our review is 
de novo
.  See 
Becker
, 292 Ill. App. 3d at 122.  

The second amended petition for 
mandamus
 alleges that James Perille owned property located in Lake County that lay within the boundaries of District 220.  In 1996, the DOR apportioned 46.70% of District 220's tax burden on Lake County when, for various reasons, only 43% of the burden should have been certified to the Lake County clerk.  Perille alleges four reasons for the miscalculation: (1) the DOR improperly included certain commercial properties in Barrington Township, Cook County, thereby skewing assessment ratios; (2) the DOR used the certified equalized assessed valuation provided by Cook County Clerk David Orr, which left blank the columns in which Orr was to provide the value of farm real estate in Cook County; (3) the DOR improperly included certain commercial and industrial properties located in Palatine Township, Cook County, thereby skewing assessment ratios; and (4) the DOR failed to account for differences in homeowners' exemptions in Cook and Lake Counties.  As a result of these errors, according to Perille, Cook County paid less than its proper share of District 220's funds, while Lake County paid more than its fair share.  The petition then prayed that the court, among other things, (1) direct the DOR to correct its errors in the calculation "of the 1996 percents of burden for District 220"; (2) direct Helander (Lake County clerk) to abate from the 1997 property taxes extended for District 220 an amount equal to the allegedly excess taxes paid in 1996; and (3) direct Orr (Cook County clerk) to add to the Cook County portion of the 1997 property taxes the amounts allegedly underpaid in 1996 and hold that amount in a fund, pending further court order.

Taking all well-pleaded facts and reasonable inferences as true (see 
Mt. Zion
, 169 Ill. 2d at 115), we conclude that the trial court erred in dismissing the second amended petition for 
mandamus
.  Section 18--155(a) of the Code requires the DOR to perform an assessment ratio study in each township "using equalized assessed values as certified by the county clerk, and an analysis of property transfers prior to January 1 of that year."  35 ILCS 200/18--155(a) (West 1996).  The DOR is to use the township assessment ratio studies to apportion and certify the tax burden to the various counties.  See 35 ILCS 200/18--155(c) (West 1996).  To this end, the DOR has developed a form upon which the county clerks are to provide the certified information.  The determination of what information is needed and how it is to be provided are discretionary in nature.  However, once these decisions have been made, actually obtaining the information is a ministerial function.  It is this function that the DOR has failed to perform.  Cook County Clerk Orr submitted his form without filling in any amount of value for farm property.  While Orr failed to perform a ministerial duty by failing to fill in some value, even zero, for farm property, the DOR also failed to perform a ministerial duty by failing to obtain all the information that it had deemed necessary to perform the assessment ratio study.  How the DOR uses that information in performing its study is a discretionary act.  However, by accepting clearly incomplete information, the DOR has failed to fulfill its duty to perform the assessment ratio study.  The failure of a governmental entity to perform its ministerial duties cannot be allowed to derail the proper function of government.  See 
People ex rel. Needham v. Abbott Estate
, 47 Ill. 2d 491, 496 (1970).  
Mandamus
 was an appropriate cause of action in this case, and the trial court erred in dismissing the second  amended petition.

Because of our disposition of this issue, we need not address Perille's final contention.

For these reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and GEIGER, JJ., concur.